**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TERRILL CHAMBERS,**  Plaintiff,  v.  **TONY DEBOIS**, in his individual capacity; **DAVID WEBB, JR.**, in his individual Capacity; **PASCAL CRAWFORD**, in his individual capacity; **as-of-yet unknown officers and employees of the City of Markham**, in their individual Capacities; and **THE CITY OF MARKHAM**, a municipality,  Defendants. | Case No. 17 C 7452  Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

The Plaintiff has brought an eight-count Amended Complaint against Defendant Tony Debois ("Debois"), a former City of Markham police officer; Defendant David Webb, Jr. ("Webb"), the Mayor of Markham; Defendant Pascal Crawford ("Crawford"), former Chief of Police of Markham; and the City of Markham, itself, seeking money damages pursuant to Section 1983. Count I is against all Defendants based on alleged violation of due process; Count II is against Defendant Debois, alleging subornation of perjury; Count III is against all Defendants based an alleged conspiracy to violate § 1983; Count IV is a

*Monell* claim against the City of Markham; Count V is against all Defendants and alleges a state claim of malicious prosecution; Count VI is against all Defendants and alleges a state claim of abuse of process; Count VII is against all Defendants and alleges a claim for intentional infliction of emotional distress; and Count VIII is against Markham for indemnification.

The incident that gave rise to this case occurred on April 18, 2007 in Markham, Illinois when two individuals, Copeland and Lindsey, robbed a man of ten dollars and some marijuana. A short time later the two robbers were detained and searched by Defendant Debois and another Markham policeman, Walker. Copeland was jailed overnight. In the morning, Debois showed Copeland a picture of Plaintiff and took him to Plaintiff's house. He then drove Copeland to the Markham Court House and had him sign a complaint for the issuance of a search warrant for Plaintiff's house. Debois threatened Copeland with jail if he refused to cooperate in the issuance of the search warrant. The next day, Debois presented the application to a state court judge who issued the search warrant based on the application of Debois and a "confidential source," John Doe (Copeland).

The application was based on the affidavits of Debois and John Doe (Copeland). Debois, in his affidavit, committed

numerous fabrications, including that Copeland was well acquainted with Plaintiff and had purchased drugs from him; knew that he kept cannabis and firearms in his home; had gone to Plaintiff's house the day before and purchased a large quantity of cannabis from him and was shown a gun he had hidden under a cushion on a couch; had signed Plaintiff's mug shot at the station; and Debois vouched for him. All of the above was false: Copeland had never met Plaintiff, never bought drugs from him, Debois had not conducted any investigation of Plaintiff prior to the application, and Copeland had not worked for him.

As a result of the application, a search warrant was issued for Plaintiff's house which resulted in the recovery of a kilogram of Cocaine, numerous weapons, cash, jewelry, two automobiles, nine ATVs and dirt bikes, televisions, clothing (including a mink coat) and numerous bottles of alcohol. Certain of the items were retained by Debois and other Markham employees for their personal use. After the search, Plaintiff was indicted on four counts of armed violence and one count of possession with intent to deliver 900 grams of cocaine.

Prior to trial, Plaintiff filed three motions for a *Franks* hearing (*Franks v. Delaware*, 438 U.S. 154 (1978)), supported by affidavits from family members attesting that he was with them

at the time of the alleged sale to Copeland, an affidavit of Copeland that Debois had fabricated his testimony in the application for the search warrant, that he had never met Plaintiff or purchased drugs from him, and that Debois had coerced him to lie on the application. The state court denied the motions for a *Franks* hearing and Plaintiff went to trial on October 11, 2011. Debois testified at his trial that he recovered the cocaine and weapons during the search. He did not disclose that he committed perjury when he filed the application for the search warrant. Plaintiff was subsequently convicted and received a 25-year sentence on the armed violence charge and 45 years on the drug charge to be served consecutively.

Plaintiff appealed to the Illinois Appellate Court who held that the trial court should have conducted a *Franks* hearing and remanded the case to allow the trial court to conduct the hearing and to determine whether the search warrant was properly issued. *People v. Chambers*, 12 N.E.3d 772, 773 (Ill. App. Ct. 2014), *aff'd*, 47 N.E.3d 545 (Ill. 2016). The state sought leave to appeal to the Supreme Court which was granted and which led to an affirmance of the Appellate Court order of a *Franks* hearing. After remand, the State dismissed all charges against Plaintiff and he was released from custody on October 21, 2016, after serving almost five years of his sentence.

Further matters came to light after remand: first, Debois sexually assaulted a female detainee on September 23, 2010 after offering her freedom in return for sex. The FBI subsequently investigated the sexual misconduct during which Debois lied for which he was prosecuted and convicted in federal court and received a five-year sentence.

From 1997 to 2007, Debois worked for the Harvey, Illinois Police Department. During his employment, numerous complaints of misconduct were lodged against him and he was named in multiple lawsuits alleging constitutional violations stemming from his misconduct. Debois joined the Markham Police Department in 2007 and served there until he was fired in 2012. From 2004 until 2012 he was named in 13 lawsuits alleging misconduct and civil rights violations. He was hired by Markham at the direction of Mayor Webb and Chief Crawford. Even though they were aware of his history of misconduct he rose rapidly from patrol officer to Deputy Chief of Police. Mayor Webb himself was subsequently indicted and convicted of honest services fraud and filing false tax returns. The Complaint further alleges that the City of Markham "maintains a de facto policy, practice, and custom of failing to properly hire, screen, train, supervise, discipline, and control its officers" and "a de facto policy of concealing officer misconduct."

The Plaintiff's eight-count Complaint is based on the alleged misconduct of Debois, who is charged with fabricating evidence in order to railroad Plaintiff into prison as alleged in Count I. Plaintiff's case against Mayor Webb and Chief Crawford is based on their alleged participation in the Section 1983 conspiracy count since Plaintiff admits that they did not personally participate in fabricating evidence. The main thrust of the case against Defendants is based on the alleged violation of due process that is the basis for Count I.

## II. DISCUSSION

### A. Count I – Qualified Immunity

Debois concedes that under current Seventh Circuit case law, Plaintiff makes out a case that his due process rights were violated. However Debois contends that he is entitled to qualified immunity because this tort was not clearly established at the time of the evidence fabrication. The issue gets mixed up because a claim of malicious prosecution was, until recently, considered to be only a state law rather than federal law claim because it was considered to be based on a violation of due process. Since Illinois has a state tort of malicious prosecution it provided all of the process that was due. Plaintiff recognized this in his Amended Complaint. He dropped the Count that sought to plead a federal claim of malicious

prosecution.  However Plaintiff has replaced this pleading with a count that seeks damages for violation of the due process clause similar to a *Brady* violation claim.  The Seventh Circuit in *Newsome v. McCabe*, 256 F.3d 747, 750-53 (7th Cir. 2001), *abrogated by Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017), made an exhaustive study of the rights possessed by an unjustly imprisoned individual who claims that the police rather than the prosecution, were complicit in the wrongful prosecution.  The court concluded, based on the Supreme Court case of *Albright v. Oliver,* 510 U.S. 266 (1994), a fractured decision relying on *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled by Daniels v. Williams*, 474 U.S. 327 (1986), that such claims were limited to procedural due process and since the state supplied a damage remedy, this was all the process that was due.  However the Seventh Circuit stated that the plaintiff there had a due process claim because he did not receive a fair trial because the prosecutors withheld exculpatory material, citing *Brady v. Maryland*, 373 U.S. 83 (1963).  The court went on to hold that, even in the situation where the prosecutor is in the dark as to the exculpatory material withheld, there still is "a constitutional tort" which the court had acknowledged in *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988).  If Newsome (the plaintiff) could establish such a violation then he

would state a claim against the erring police officers and, based on the 13-year-old *Jones* decision, the police were not entitled to qualified immunity. For the reason that *Newsome* was decided four years prior to Plaintiff's trial, which, like *Jones,* was based on perjured and fabricated evidence, Debois' Motion for Dismissal based on qualified immunity is denied as to Count I.

### B. Count II – Debois Perjury

In Count II, Plaintiff seeks to present a cause of action based on Debois' perjury and brought against all Defendants through the alleged conspiracy which is pled in Count IV. Defendants argue that this is not an independent constitutional tort. The only case Plaintiff cites is a Southern District of Florida District Court case, *Heller v. Plave*, 743 F. Supp. 1553, 1558 (S.D. Fla. 1990). However *Heller* was a *Bivens* case and provides for a remedy for violations of the plaintiff's due process rights by the IRS of which perjury was a component rather than the subject. Thus this count is duplicative of Count I. Therefore Count II is dismissed with prejudice.

### C. Count III – Section 1983 Conspiracy

Count III is against all Defendants and pleads a claim of conspiracy to violate Section 1983. The Defendants moved to dismiss arguing, first, that there must be an underlying

constitutional claim; and, second, it lacks sufficient particularity. Since the Court has found an underlying constitutional violation pled in Count I, the first ground is denied. A plaintiff, in order to allege a Section 1983 conspiracy claim, must set forth the members of the conspiracy, the general purpose of the conspiracy, the dates of the conspiracy, and that the members of the conspiracy directed themselves toward an unconstitutional action by virtue of some mutual understanding. *Kunik v. Racine Cty., Wis.*, 946 F.2d 1574, 1580 (7th Cir. 1991), abrogated by *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). All Plaintiff has alleged here is that his constitutional rights were violated, and the Defendants are bad persons who did bad acts. What is conspicuously absent is any factual allegations as how the respective Defendants participated in the denial of Plaintiff's constitutional rights. Count III is dismissed without prejudice.

### D.  Count IV – *Monell* Claim

Count IV is against the City of Markham and alleges a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The case distinguishes between individual acts of municipal employees and those that can rightly be said to result from the existence of a municipal policy. A *Monell*

violation has three elements: first, unconstitutional conduct committed by a municipal employee; second, the conduct must be a result of municipal policy; and third, the unconstitutional conduct caused plaintiff's injury. In this case, Plaintiff alleges that the municipal policy that caused his injury was the ratification of the misconduct alleged in his Complaint as official policy and failure adequately to screen applicants for employment as police officers, failure to investigate officer misconduct, and failure to discipline, train, or retrain officers when it became aware of their misconduct. These de facto policies resulted in the hiring and retention of Debois which caused Plaintiff to be denied a fair trial.

Count IV alleges that the City of Markham hired Debois in spite of a long record at his previous employer of misconduct that resulted in a multitude of lawsuits alleging constitutional violations stemming from his conduct; and that Markham retained him despite a long record of misconduct while employed at Markham. In spite of this he was promoted to the position of Deputy Chief of Police. As further demonstration of this policy, the department hired the Mayor's son who soon was caught stealing money and the mayor himself was convicted of honest services wire fraud and tax evasion. While Markham complains that this is a "splatter paint" case similar to what was

rejected in *McCauley v. Chicago,* 671 F.3d 611, 616 (7th Cir. 2011), *McCauley* was an "equal protection" claim rather than a due process claim. It appears to the Court that the Amended Complaint contains sufficient allegations of improper hiring to survive a Motion to Dismiss. The issue can be revisited at the summary judgment stage. The Motion to Dismiss Count IV is denied.

### E. Count V - State Malicious Prosecution

Although Debois has moved to dismiss the state malicious prosecution claim, he relies solely on the briefs of Webb and Crawford. However, the basis for dismissal of Webb and Crawford is the absence of any allegations that either of them had anything to do with the prosecution of Plaintiff or of any of the procedures leading up to his arrest and prosecution. The Complaint is well short of any specific allegations of involvement by either Webb or Crawford other than a vague assertion that Defendants benefited by the prosecution. The Motion to Dismiss is denied as to Debois but granted as to Webb and Crawford.

### F. Count VI – Abuse of Process

The arguments are the same for Count VI: that Defendants Webb and Crawford had any involvement in the arrest and seizure. Again the only allegations are that Defendants and the City of

Markham benefited by the seizure. This not enough to supply the "involvement" requirement of this tort. Therefore the Motion to Dismiss is denied as to Debois but granted as to Webb and Crawford.

### G. Count VII - Intentional Infliction of Emotional Distress

Debois does not move to dismiss this Count and it is obvious why he cannot. The requirements of this tort are: (1) extreme and outrageous conduct; (2) intention to inflict severe emotional distress; and (3) the conduct did in fact inflict emotional distress. *Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994). To railroad an individual to prison is extreme and outrageous, and would undoubtedly inflict emotional distress. However, again with respect to Webb and Crawford, the failure to allege any personal involvement in the distressful conduct dooms Count VII as to them. Therefore the Motion of Webb and Crawford to dismiss Count VII is granted.

### H. Count VIII - Indemnification

Defendant City of Markham moves to dismiss this Count in the event none of the counts against the individual Defendants survive. As we have seen, several of the Counts have survived against Debois, so the Motion to Dismiss to that extent is denied.

**I. Motion to Strike and for More Definite Statement**

Defendants contend that the form of the First Amended Complaint is unwieldy and fails to allege personal involvement of the Defendants with any degree of specificity. The Court disagrees and denies both Motions. The Complaint sets forth the facts sufficiently to place the Defendants on notice of Plaintiff's claims and to allow them to file appropriate Motions. The Motions are denied.

**III. CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. The Motion to Dismiss Count I is denied;

2. The Motions to dismiss Count II are granted;

3. The Motions to Dismiss Count III are granted without prejudice;

4. The Motion to Dismiss Count IV is denied;

5. The Motions to Dismiss Count V is denied as to Defendant Debois but granted as to Defendants Webb and Crawford.

6. The Motions to Dismiss Count VI is denied as to Defendant Debois but granted as to Defendants Webb and Crawford.

7. The Motions to Dismiss of Count VII of Defendants Webb and Crawford are granted but denied as to Defendant Debois.

8. The Motion to Dismiss Count VIII is denied.

9. The Motions to Strike and for a More Definite Statement are denied.

**IT IS SO ORDERED.**

_/s/ Harry D. Leinenweber_
Harry D. Leinenweber, Judge
United States District Court

Dated: 7/11/2018